The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| BOBBY G. JEFFERS, | ) | CASE NO. 09-60576 |
| | ) | |
| Debtor. | ) | ADV. NO. 09-6076 |
| | ) | |
| SANTMYER OIL CO., INC., | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| BOBBY G. JEFFERS, | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |
| Defendant. | ) | |

Plaintiff's motion to compel, filed on March 17, 2010, is before the court. Defendant appeared at the hearing held on April 26, 2010 and opposed the relief sought by Plaintiff. Per the instruction of the court at the hearing, Plaintiff filed documents in support of the motion to compel. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(I).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Plaintiff filed an adversary on June 15, 2009 seeking a finding of nondischargeability under 11 U.S.C. § 523(a)(2) and (4). Defendant-debtor filed an answer on July 21, 2009. At the initial pretrial conference, held on August 5, 2009, the court established a discovery cut-off date of October 30, 2009. The scheduling order contained the court's standard admonishment that Federal Rule of Bankruptcy Procedure 7037 governs discovery disputes and that the court will only entertain Rule 7037 motions if the movant complies with Federal Rule of Bankruptcy Procedure 7026.

On October 30, 2009, Defendant filed a motion to extend discovery. The court granted the motion and discovery was extended to December 15, 2009. A further pretrial conference was held on January 17, 2010. At that time, Plaintiff alleged that Defendant-debtor failed to respond to discovery requests. The court ordered Defendant to respond by no later than February 26, 2010. On March 17, 2010, Plaintiff filed the motion to compel, alleging that Defendant failed to respond. The court conducted a hearing on the motion on April 26, 2010. Plaintiff was instructed to file certain documents in support of its motion, which it did on April 27, 2010.

Plaintiff seeks responses to its First Set of Requests for Production of Documents. The request for production was served on October 29, 2009 in a combined discovery request. Defendant did not respond to the request for production.[1] Defendant argues all documents were previously provided in state court litigation or have been made available to Plaintiff. According to Defendant, the documentation Plaintiff seeks does not exist. Plaintiff argues that even if the documents do not exist, it is entitled to a response to the production request in order to proceed with its case.

## LAW

Federal Rule of Bankruptcy Procedure 7037, which incorporates Federal Rule of Civil Procedure 37, governs this dispute. Particularly, Rule 37(a)(3)(B)(iv) authorizes a motion to compel if "a party fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34." Plaintiff is clearly entitled to a response to the request for production even in the absence of the existence of documents satisfying the request. The response, even if unproductive, can be a useful litigation tool. As two examples, a response can direct Plaintiff to search elsewhere and provide a basis for objecting if documents are later produced. Defendant's noncompliance in responding to the requests inexcusably violates Rule 34(b)(2). The court is particularly troubled by the fact that Defendant not only failed to respond to the request for production, but thereafter failed to respond to the court's order requiring a response. In its motion, Plaintiff alleges a pattern of unresponsiveness by Defendant, including

---

[1] The record does show that responses to portions of the combined discovery requests, specifically the interrogatories, were provided on or about April 19, 2010.

failures to respond to letters and e-mail communications. To the court's knowledge, Defendant still has not formally responded to the request for production.

Plaintiff met its obligation, set forth in Local Bankruptcy Rule 7026-1, to attempt to resolve the dispute before filing the motion to compel. Further, the court finds that Plaintiff's motion to compel was timely because, with the on-going discovery dispute, discovery cannot be deemed to be concluded. The motion to compel will be granted.

Plaintiff also seeks sanctions from Defendant. Rule 37(b)(5) allows a court to award reasonable attorney's fees when a motion to compel is granted unless the movant did not make a good faith effort to resolve the dispute prior to filing the motion to compel, or the noncompliance with the request was substantially justified by the party from whom discovery is sought, or "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A). As stated above, the court finds that Plaintiff has attempted to resolve this matter without court intervention. Defendant has failed to respond to the request for production without substantial justification, and the court cannot find grounds to find that an award of expenses would be unjust. The Court will award Plaintiff sanctions for the expenses associated with filing the motion to compel, attending the hearing on the motion, and complying with the court's directive to file the support documents.

An order shall be issued immediately.

\#     \#     \#

**Service List:**

Duriya Dhinojwala
Critchfield, Critchfield & Johnston, LTD
4996 Foote Road
Medina, OH 44256

R Joshua Brown
32 Lutz Ave
Lexington, OH 44904